IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tequan L. Brown, | ) | C/A No. 0:14-1759-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Colleton County Jail; Jody Taylor; Lesley Jamison, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This is a civil action filed by a pretrial detainee. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

    On May 19, 2014, the court issued an order directing Plaintiff to provide documents necessary for initial review. (ECF No. 5.) Plaintiff complied with the order and this case is now in proper form.

**MOTION TO APPOINT COUNSEL**:

    On June 2, 2014, Plaintiff filed a Motion to Appoint Counsel in this case. (ECF No. 10.) There is no right to appointed counsel in a case filed pursuant to 42 U.S.C. § 1983. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff's Motion fails to demonstrate that exceptional circumstances exist in this case for the appointment of counsel.

    After a review of the Motion, this court finds that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *See Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). The issues in most civil rights cases are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's Motion for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied. (ECF No. 10.)

*PJG*

**PAYMENT OF THE FILING FEE**:

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). A prisoner is permitted to file a civil action without prepayment of fees or security therefor under 28 U.S.C. § 1915. Plaintiff has submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240) to this court pursuant to 28 U.S.C. § 1915(a)(1), which is construed as a Motion for Leave to Proceed *in forma pauperis*. A review of the Motion reveals that Plaintiff does not have the funds to prepay the filing fee.

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. (ECF No. 8.)

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 6, 2014
Columbia, South Carolina