IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tequan L. Brown, | C/A No. 0:14-1759-TMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Colleton County Jail; Jody Taylor; Lesley Jamison, | |
| Defendants. | |

The plaintiff, Tequan L. Brown ("Plaintiff"), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a detainee at the Colleton County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff complains that the Colleton County Detention Center treats male inmates differently than female inmates in regards to recreation. (ECF No. 1 at 4.) Plaintiff asserts that male inmates receive only one hour of recreation per day, while females receive seven to eight hours. (Id.) Plaintiff claims that he and other prisoners filed a grievance with Jody Taylor and Lesley Jamison

---

[1] Plaintiff listed the names of twenty-five detainees in the Complaint as additional plaintiffs in "agreement with this correspondence & grievance." (ECF No. 1 at 3.) While approximately half of the additionally listed detainees signed a letter Plaintiff mailed to the press and the Department of Justice (ECF No. 1-1 at 4-5; ECF No. 11 at 4-5), none of the additionally listed detainees signed the Complaint. (ECF No. 1 at 6.) Therefore, these individuals have not been added to the docket as plaintiffs in this case.



regarding this issue, which these defendants failed to answer. (Id. at 4-5.) Plaintiff seeks an investigation of alleged corruption at the Colleton County Detention Center and monetary damages. (Id. at 6.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere



conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). For the reasons discussed below, Plaintiff's claims against the defendants should be summarily dismissed.

### 1.   Improper defendant (Colleton County Jail)

Plaintiff alleges that the Colleton County Jail treats male inmates differently that female inmates in regards to recreation. (ECF No. 1 at 4.) It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). In this case, the Colleton County Jail, which is a facility primarily used to house pretrial detainees, is not amenable to suit under § 1983. As such, this defendant is entitled to summary dismissal from this case.

### 2.     No right to a grievance procedure (Jody Taylor; Lesley Jamison)

Plaintiff sues Jody Taylor and Lesley Jamison for allegedly refusing to answer or process a detention center grievance form on April 21, 2014.  (ECF No. 1 at 4.)  However, a prisoner has no constitutional right to a grievance procedure.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  As the defendants' failure to process or respond to Plaintiff's grievance does not state a cognizable claim under § 1983, Defendants Taylor and Jamison are also entitled to summary dismissal from this case.

### 3.     Duplicate claims

This is the second civil rights action filed by Plaintiff in this court naming the Colleton County Jail and Lesley Jamison for an alleged denial of recreation.  See Tequan Lateek Brown v. Colleton County Sheriff's Office, C/A No. 0:14-1300-TMC-PJG (D.S.C. Apr. 10, 2014).  A district court may take judicial notice of materials in the court's own files from prior proceedings, see United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992);  Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir. 1949), and this court takes such judicial notice of Plaintiff's pending § 1983 action.  As the instant Complaint's allegations regarding a denial of recreation are being addressed in Plaintiff's pending civil action, these duplicate allegations should be summarily dismissed in the interests of judicial economy and efficiency.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").



### 4. Claims related to other inmates

Plaintiff listed the names of twenty-five additional detainees in the Complaint. (ECF No. 1 at 3.) Plaintiff also filed a letter with the court listing the names of additional detainees. (ECF. No. 1-1 at 4-5; ECF No. 11 at 4-5.) However, Plaintiff lacks standing to bring a lawsuit on another inmate's behalf. See Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate); see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that a *pro se* person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Thus, to the extent Plaintiff seeks to bring claims on behalf of other detainees, such claims are subject to summary dismissal.

Further, if Plaintiff is attempting to bring a class action lawsuit, he should not be permitted to do so. The Fourth Circuit has held that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action" as "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (holding that, under the Prison Litigation Reform Act ("PLRA"), each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee). Therefore, to the extent Plaintiff is attempting to represent others in a class action, such attempt should be denied.

PJG

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                            _____
                                            Paige J. Gossett
                                            UNITED STATES MAGISTRATE JUDGE

June 6, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).